702 So.2d 43 (1997)
STATE of Louisiana, in the Interest of D.G. and S.G., Plaintiff-Appellant,
v.
DANNY & Donna G., Defendants-Appellees.
No. 30196-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
Richard Ieyoub, Attorney General, for Plaintiff-Appellant.
Pringle & Herzog by John R. Herzog, Cook, Yancey, King & Galloway by Timothy Burnham, Northwest Louisiana Legal Services by E. Paul Young And Michelle Dufour, Shreveport, for Defendant-Appellees.
Before MARVIN, C.J., and HIGHTOWER and PEATROSS, JJ.
HIGHTOWER, Judge.
The State of Louisiana, Department of Social Services, appeals the denial of its petition to terminate the parental rights of Donna and Danny, the mother and father of prematurely born twin boys. We affirm.

Facts
Filed September 29, 1994, the Department's petition specified Subsections (3),(4), (5), (7), and (9) of La. Ch.C. art. 1015 as grounds for the involuntary termination. The juvenile court had ordered removal of the twins from the home due to neglect and abandonment on August 9, 1991, four months after their birth. Adjudicated as children in need of care on December 6, 1991, they subsequently remained in foster care. The premature deliveries resulted in serious physical problems, including mental retardation and cerebral palsy. Almost six years old at the conclusion of trial, the boys need frequent *44 medical treatment, as well as physical and occupational therapy.
In 1988, Danny and Donna had three other children removed from their home and placed in long-term foster care. Psychological evaluations showed Danny with a very low intelligence quotient score of 80. Those results also ranked Donna's IQ at 66, showing mild mental retardation and a significantly lower developmental age than expected for her chronological years. Also, an eye disease rendered her legally blind. Maintaining a moderately unstable existence, the family often traveled between states and parishes and resided in deplorable conditions. Danny experienced difficulty in keeping steady employment, but the couple lived upon his minimal income and Donna's social security benefits.
Two futile attempts at reunification of the family preceded the State's petition for ending parental rights. After trial, despite finding that two termination grounds (La.Ch.C. art. 1015(4) and (5)) had been shown by clear and convincing evidence, the court determined that "due to the specific and unique factual circumstances presented in this case, terminating ... parental rights would not be in [the twins'] best interests." The written opinion specifically discussed the twins' need for state-assisted medical care for the rest of their lives, and the importance of the previously-achieved limited bonding with their parents and siblings. Thus relying upon the children's best interests under these facts, the court ordered long-term foster care as a permanent plan. This appeal ensued.

Discussion
The termination of parental rights, save when the petition alleges certain criminal or grossly negligent conduct, requires proof by clear and convincing evidence. La. Ch. C. art. 1035. The Department need only sustain that burden under one applicable subsection or paragraph of La. Ch. C. art. 1015. State in the Interest of ML, 95-0045 (La.09/05/95), 660 So.2d 830. In addition, as concerns the parameters of appellate review, the trial judge's factual findings are subject to the manifest error-clearly wrong standard. Id.; Cf. State in the Interest of KLB, 29,512 (La.App.2d Cir. 02/28/97), 690 So.2d 965.
The Department contends that, when a trial judge determines that the elements of any one subsection of La. Ch.C. art. 1015 have been proved, this also inherently satisfies the "best interest of the child" requirement for termination. We disagree, however, considering the great discretion granted to the trial court in these matters and the special circumstances that may arise, as in the case sub judice.
A review of the pertinent provisions dealing with the termination of parental rights is instructive. The applicable 1992 version of La. Ch.C. art. 1037[1] provided that, when finding sufficient proof for termination under Article 1015, the court may order the termination of parental rights. In addressing other dispositions, La. Ch. C. art 1039 states that, if the court does not find sufficient proof under Article 1015 or finds that termination of parental rights is not in the best interest of the child, other dispositions may be exercised including any in the best interest of the child.
Thus, neither the permissive language of the general article, La. Ch.C. art. 1037, nor the optional provisions of the specific article, La. Ch.C. art. 1039, support the state's argument, but, instead, accord backing for the lower court's decision in the case at hand. See also State in the Interest of ML, supra, specifically stating that the termination of parental rights requires both proof of Article 1015 grounds and a finding that the termination is in the best interest of the child under Article 1039.
The case of In Interest of Boudreaux, 427 So.2d 891 (La.App. 1st Cir. 1983), writ denied, 432 So.2d 267 (La.1983), relied upon by appellant, is also distinguishable. There, applying the provisions of now-repealed La. R.S. 13:1601, the trial court terminated the parental rights after *45 determining that all the requirements of one subsection had been met and orally observing that termination would be in the best interest of the youngster. The appellate court affirmed both findings while inferring that, because the conditions of La. R.S. 13:1601(D) had been established, it necessarily followed that the best interest of the child would be served by a termination. Importantly, however, Boudreaux did not concern a special needs child and actually affirmed the best interest finding after reviewing the evidence.
We do not agree that in all cases, from proof satisfying an Article 1015 subsection, it necessarily follows that termination is in the best interest of the child.[2] While ordinarily this will be true, the law poses the best interest determination as a separate consideration and envisions examination of any special conditions or exceptional circumstances that may exist.
Observing that the foster placement will expire upon the children reaching majority, see La. Ch.C. art. 686, the Department argues that adoption (by the previously-approved foster parents) after the termination of parental rights will better serve the twins' special needs. Yet the trial court acknowledged and balanced that consideration against the children's need for familial bonding, in addition to continued state-aided medical assistance. While expressing concern with the foster parents' ability to maintain the twins as they grow older, the trial court made a credibility evaluation regarding the couple's desire to keep the boys whether through foster care or adoption. After weighing the evidence, the trial judge decided that permanent foster care, similar to that chosen for the boys' sisters, would be in best interest of these children.[3] Considering the record before us, we cannot say this constitutes an abuse of discretion.
Finally, despite the Department's contentions regarding an alleged violation of La. R.S. 46:2251, et seq., Louisiana's "Civil Rights Act for Handicapped Persons," the procedure for filing such a claim is set forth in La. R.S. 46:2256. Inasmuch as no such petition has been filed in the district court, the action is not appropriately before us at this time.

Conclusion
Considering the record before us, we find no clear abuse of discretion in the trial court determination that a permanent plan of long-term foster care is in the best interests of these children. Costs are assessed to appellant, limited to those applicable by law.
AFFIRMED.
NOTES
[1] Although the 1997 legislative session amended this article to explicitly add the "best interest of the child" requirement, the Comment notes that this represents no change in the law and that the trial court would be authorized in the exceptional case to refuse termination, even when a ground set forth by Article 1015 has been established.
[2] While we are aware of language in our earlier decision in State in the Interest of V.T., 609 So.2d 1105 (La.App. 2d Cir.1992), appearing to support the state's argument, careful reading will show the statement to be dicta and, like Boudreaux, supra, dealing with children without the special needs unique to the twins in the present case.
[3] Notably, La. Ch.C. art. 710 A(5) provides this disposition for the child in need of care.